## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANCOCK WHITNEY BANK** | ) CASE NO. 2:18-cv-13765 |
| | ) |
| **VERSUS** | ) SECTION ___; DIVISION ___ |
| | ) |
| **LINEBACKER HOLDINGS, LLC;** | ) JUDGE |
| **PERFORMANCE LABS, LLC;** | ) |
| **TRINITY MEDICAL SERVICES, L.L.C.;** | ) MAGISTRATE JUDGE |
| **RHETT J. BUNCE; BLAKE BOURQUE;** | ) |
| **AND MARK W. LOBELL** | ) |
| | ) |

## COMPLAINT

Plaintiff, Hancock Whitney Bank ("Hancock Whitney") submits this verified Complaint ("Complaint") and avers as follows:

## PARTIES

1.

Defendants herein are:

a) Linebacker Holdings, LLC ("Linebacker"), a Louisiana limited liability company, maintaining its registered office in the Parish of St. Tammany, State of Louisiana;

b) Performance Labs, LLC ("Performance"), a Louisiana limited liability company, maintaining its registered office in the Parish of Lafayette, State of Louisiana;

c) Trinity Medical Services, L.L.C. ("Trinity"), a Louisiana limited liability company, maintaining its registered office in the Parish of Lafayette, State of Louisiana;

d) Rhett J. Bunce ("Bunce"), a person of the full age of majority, and a resident and domiciliary of the Parish of St. Tammany, State of Louisiana;

e)      Blake Bourque ("Bourque"), a person of the full age of majority, and a resident and domiciliary of the Parish of Lafayette, State of Louisiana; and

f)      Mark W. Lobell ("Lobell"), a person of the full age of majority, and a resident and domiciliary of the Parish of Jefferson, State of Louisiana.

2.

Plaintiff, Hancock Whitney, is a Mississippi State chartered bank, with its principal office in Louisiana in the Parish of Orleans, State of Louisiana.

## **JURISDICTION AND VENUE**

3.

The Court has original jurisdiction over this suit under Title 28 U.S.C. § 1332, in that it is a civil action where there is complete diversity of citizenship as to all parties and the amount in controversy exceeds $75,000, exclusive of interests or costs.

4.

Venue is proper in this district court pursuant to Title 28 U.S.C. § 1391.

## **FACTUAL BACKGROUND**

5.

Linebacker, Performance, Trinity, Bunce, Bourque, and Lobell (hereafter collectively referred to as "Defendants") are justly, truly, and legally obligated and indebted, *in solido*, unto Hancock Whitney in the principal sum of One Hundred Seventy Four Thousand Seven Hundred Nineteen and 41/100 ($174,719.41) Dollars, plus accrued interest thereon through December 4, 2018, in the amount of Forty Thousand One Hundred Eighty Six and 23/100 ($40,186.23) Dollars, plus interest continuing to accrue on the unpaid principal balance commencing

December 5, 2018, at the rate of $20.54 per day until paid in full, plus late charges of Two Thousand and No/100 ($2,000.00) Dollars, plus reasonable attorney's fees, plus all collection costs and legal expenses whether owing now or in the future, plus all costs of this proceeding.

6.

The indebtedness of Defendants to Hancock Whitney, as referred to above, arises out of a loan by Hancock Whitney to Linebacker, and the guaranty thereof by Performance, Trinity, Bunce, Bourque, and Lobell. As partial evidence of the indebtedness of Defendants to Hancock Whitney, Hancock Whitney is the holder and owner of, *inter alia*, that certain Promissory Note ("Note") dated December 9, 2016, executed by Linebacker, as maker, in the original principal amount of One Million Three Hundred Eighty One Thousand Two Hundred Fifty and No/100 Dollars ($1,381,250.00), made payable to the order of Hancock Whitney, due and payable with interest, all as more fully described therein. A copy of the Note is attached as *Exhibit A*.

7.

Performance, Trinity, Bunce, Bourque, and Lobell guaranteed the payment of the Note and the indebtedness of Linebacker pursuant to the terms of those certain Commercial Guaranties (hereafter collectively referred to as "the Guaranties") dated and executed on December 9, 2016, by Performance, Trinity, Bunce, Bourque, and Lobell, copies of which are attached *Exhibit B*, *Exhibit C*, *Exhibit D*, *Exhibit E*, and *Exhibit F*, respectively.

8.

The Note and the Guaranties provide that if Linebacker fails to make payments when due, then the holder of the Note may accelerate the maturity date thereof, and the entire outstanding principal amount, accrued interest thereon, plus attorney's fees, costs, and expenses shall immediately become due and payable at the option of the holder.

9.

Linebacker defaulted in the payment terms of the Note. Pursuant to the terms of the Note and the Guaranties, Hancock Whitney exercised its option to accelerate the maturity date of the Note, and demand for full payment of the Note was made upon Defendants by letter. Despite amicable demand, Defendants have failed to pay the outstanding balance due on the Note. Therefore, the Note, the Guaranties, and the indebtedness represented thereby are and remain in default, and the entirety of the debt listed hereinabove remains due and payable.

10.

All makers, *in solido* endorsers, and guarantors, including Linebacker, have failed to pay the sums presently due and owing under the terms of the Note and the Guaranties, and have otherwise defaulted in the performance of their obligations to Hancock Whitney.

11.

The indebtedness represented by the Note and the Guaranties is or may also be secured by other collateral documents executed by Defendants or others in favor of Hancock Whitney.

12.

Hancock Whitney specifically reserves all of its rights against: (i) Defendants for any indebtedness not being sued upon herein and all makers, co-makers, endorsers, guarantors, and solidary obligors of the indebtedness not being sued upon herein and against any persons, firms or corporations who may be liable in whole or in part for the indebtedness, and (ii) all

makers, co-makers, endorsers, guarantors and solidary obligors of the indebtedness being sued upon herein and against any person, firms or corporations who may be liable in whole or in part for the indebtedness; and further, Hancock Whitney specifically reserves its rights: (i) to foreclose upon and otherwise enforce its rights in any and all other collateral securing all or part of the indebtedness being sued upon herein, and (ii) to foreclose upon and otherwise enforce its rights in any or all other collateral securing all or part of the indebtedness not being sued upon herein.

13.

Hancock Whitney has engaged counsel to enforce its rights under, among other things, the Note and the Guaranties by instituting this action to collect the amounts due thereunder. Hancock Whitney is entitled to recover from Defendants the reasonable attorney's fees, court costs, and other costs and expenses incurred in connection with Linebacker Holdings, LLC's defaults and this lawsuit.

WHEREFORE, plaintiff, Hancock Whitney Bank, prays for judgment herein in its favor, and against defendants, Linebacker Holdings, LLC, Performance Labs, LLC, Trinity Medical Services, L.L.C., Rhett J. Bunce, Blake Bourque, and Mark W. Lobell, as follows:

1. Judgment in favor of plaintiff, Hancock Whitney Bank, and against defendants, Linebacker Holdings, LLC, Performance Labs, LLC, Trinity Medical Services, L.L.C., Rhett J. Bunce, Blake Bourque, and Mark W. Lobell, *in solido*, condemning defendants, Linebacker Holdings, LLC, Performance Labs, LLC, Trinity Medical Services, L.L.C., Rhett J. Bunce, Blake Bourque, and Mark W. Lobell, *in solido*, to pay unto plaintiff, Hancock Whitney Bank, the

principal sum of One Hundred Seventy Four Thousand Seven Hundred Nineteen and 41/100 ($174,719.41) Dollars, plus accrued interest thereon through December 4, 2018, in the amount of Forty Thousand One Hundred Eighty Six and 23/100 ($40,186.23) Dollars, plus interest continuing to accrue on the unpaid principal balance commencing December 5, 2018, at the rate of $20.54 per day until paid in full, plus late charges of Two Thousand and No/100 ($2,000.00) Dollars, plus reasonable attorney's fees, plus all collection costs and legal expenses whether owing now or in the future, plus all costs of this proceeding; and

2. Judgment in favor of plaintiff, Hancock Whitney Bank, and against defendants, Linebacker Holdings, LLC, Performance Labs, LLC, Trinity Medical Services, L.L.C., Rhett J. Bunce, Blake Bourque, and Mark W. Lobell, reserving unto plaintiff, Hancock Whitney Bank, all of its rights against: (i) defendants, Linebacker Holdings, LLC, Performance Labs, LLC, Trinity Medical Services, L.L.C., Rhett J. Bunce, Blake Bourque, and Mark W. Lobell, for any indebtedness not being sued upon herein and all makers, co-makers, endorsers, guarantors, and solidary obligors of the indebtedness not being sued upon herein and against any persons, firms or corporations who may be liable in whole or in part for the indebtedness, and (ii) all makers, co-makers, endorsers, guarantors and solidary obligors of the indebtedness being sued upon herein and against any person, firms or corporations who may be liable in whole or in part for the indebtedness; and further, plaintiff, Hancock Whitney Bank, specifically reserves its rights: (i) to foreclose upon and otherwise enforce its rights in any and all other collateral securing all or part of the indebtedness being sued upon herein, and (ii) to foreclose upon and

otherwise enforce its rights in any or all other collateral securing all or part of the indebtedness not being sued upon herein.

Respectfully submitted,

  /s/Peter J. Segrist
Peter J. Segrist (Bar No. 35314)
William T. Finn (Bar No. 1359)
CARVER, DARDEN, KORETZKY, TESSIER
FINN, BLOSSMAN & AREAUX, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
segrist@carverdarden.com
finn@carverdarden.com

***Attorneys for Plaintiff, Hancock Whitney Bank***

4850-7877-5682, v. 1